B 104 [08/07]

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |

| **PLAINTIFFS** <br> RONALD E. STADTMUELLER, Chapter 7 Trustee | **DEFENDANTS** <br> ALEXANDER F. HERN, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Law Office of William P. Fennell, APLC <br> 1111 Sixth Avenue, Suite 404 <br> San Diego, CA 92101 <br> Tel: (619) 325-1560 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☒ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Objection to Discharge - 11 U.S.C. §727(a)(2); 11 U.S.C. §727(a)(3); and 11 U.S.C. §727(a)(4)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 - Recovery of money/property - § 542 turnover of property
☐ 12 - Recovery of money/property - § 547 preference
☐ 13 - Recovery of money/property - § 548 fraudulent transfer
☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[1] 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 - Injunctive relief - reinstatement of stay
☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01 - Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $**According to proof** |

Other Relief Sought

B 104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>**ALEXANDER F. HERN** | | | BANKRUPTCY CASE NO.<br>**12-09712-MM7** |
| DISTRICT IN WHICH CASE IS PENDING<br>**SOUTHERN** | DIVISIONAL OFFICE<br>**SAN DIEGO** | | NAME OF JUDGE<br>**MARGARET M. MANN** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>**/s/William P. Fennell** | | | |
| DATE<br>**01/15/2013** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**WILLIAM P. FENNELL, ESQ.** | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

William P. Fennell, Esq. (#164210)
Tracy L. Schimelfenig, Esq. (#243714)
Law Office of William P. Fennell, APLC
1111 Sixth Avenue, Suite 404
San Diego, CA 92101
Tel: (619) 325-1560
Fax: (619) 325-1558

Attorneys for Ronald E. Stadtmueller, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | ) Case No. 12-09712-MM7 |
| ALEXANDER F. HERN, | ) Adversary Case No. |
| Debtor. | ) **COMPLAINT OBJECTING TO** |
| | ) **DISCHARGE OF DEBTOR** |
| RONALD E. STADTMUELLER, Chapter 7 Trustee, | ) 11 U.S.C. §727 |
| Plaintiff, | ) |
| v. | ) |
| ALEXANDER F. HERN, an individual, | ) |
| Defendant. | ) |

Ronald E. Stadtmueller, Chapter 7 Trustee, alleges as follows:

**PARTIES**

1. On July 12, 2012 (the "Petition Date"), debtor, Alexander F. Hern, filed for relief pursuant to the provisions of Chapter 7 of Title 11, of the United States Bankruptcy Code, Northern District of California.

2. On July 5, 2012, an order was entered transferring debtor's case to the

Southern District of California.

3. Ronald E. Stadtmueller ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of *In re Alexander F. Hern* ("Bankruptcy Estate").

4. On information and belief, defendant, Alexander F. Hern, ("Defendant" or "Debtor") is an individual residing in the County of San Diego, California at all times relevant to this complaint.

**JURISDICTION/VENUE**

4. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (J), and (O) and 11 U.S.C. § 727. This Court has jurisdiction over the subject matter of this adversary proceeding based on 28 U.S.C. §§ 157(a) and 1334(b) and general order 312-D of the United States District Court, Southern District of California.

5. Venue is based on 28 U.S.C. § 1409(a) in that the instant proceeding is related to the Debtor's bankruptcy case, which is still pending.

6. This Complaint initiates an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001(1).

**GENERAL ALLEGATIONS**

7. Trustee is informed and believes and thereon alleges that Defendant signed his voluntary petition under penalty of perjury on or about May 25, 2012.

8. Defendant signed what was purported to be the Balance of his Schedules, and Statement of Financial Affairs under penalty of perjury on or about June 22, 2012, which Trustee is informed and believes did not disclose; (a) all accounts of the Debtor; (b) all accounts of others in the possession and/or control of the Debtor held for another; (c) all of Debtor's assets; and (d) all of Debtor's liabilities.

9. Since the date of filing Debtor has failed to appear at the 11 U.S.C. § 341(a) Meeting of Creditors on dates according to proof at trial.

10. Debtor has failed to fulfill his duties under 11 U.S.C. § 521, including, but not limited to those under subsection (a) (1) requiring the filing of

/ / /

       (A) a list of creditors; and

       (B) unless the court orders otherwise—

         (i) a schedule of assets and liabilities; and

         (ii) a schedule of current income and current expenditures.

11. Debtor has failed to provide Supporting Documentation to the Trustee as set forth in the Standing Panel of Bankruptcy Trustees Southern District of California Standing Administration Guidelines, Section II, dated April 1, 2011, thus limiting, hindering, and delaying Trustee from fulfilling his duties as set forth 11 U.S.C. § 704.

12. Trustee is informed and believes and thereon alleges that Debtor has failed to account to Trustee for post-petition funds collected, from sources and in amounts according to proof at trial.

13. Trustee is informed and believes and thereon alleges that Debtor has failed to turnover property of the estate derived from sources, and of value in amounts, according to proof at trial.

### FIRST CLAIM FOR RELIEF
### (Objection to Discharge - 11 U.S.C. §727(a)(2))

14. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint as though fully set forth herein.

15. The Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--

  (A) property of the Debtor, within one year before the date of the filing of the petition; or

  (B) property of the estate, after the date of the filing of the petition;

16. As further described in paragraphs 8 through 12 herein, the Debtor has transferred and/or concealed property of the Debtor and/or the Bankruptcy Estate, either within one year of the Petition Date and/or after the Petition Date, including, but not limited

- 3 -

to his true interest in business entities, according to proof at trial, as well as the existence and transfer of real and personal property, and other property of the estate, according to proof at trial.

17. Due to his actions described herein, Debtor is not entitled to a discharge pursuant to 11 U.S.C. §727(a)(2).

## SECOND CLAIM FOR RELIEF
### (Objection to Discharge - 11 U.S.C. §727(a)(3))

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of this complaint as though fully set forth herein.

19. The Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained, and such acts or failures to act were not justified under all of the circumstances of this case.

20. As further described in paragraphs 8 through 13 herein, the Debtor has concealed, falsified, failed to keep or preserve books and records regarding the Debtor's financial condition and business transactions, including, but not limited to, his interest in business entities bank accounts, transfers to and from bank accounts, the existence and transfer of real and personal property. aliases used, property held for another, and transfers of personal property, according to proof at trial.

21. Due to his actions described herein, Debtor is not entitled to a discharge pursuant to 11 U.S.C. §727(a)(3).

## THIRD CLAIM FOR RELIEF
### (Objection to Discharge - 11 U.S.C. §727(a)(4))

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21 of this complaint as though fully set forth herein.

23. As referenced herein above, and specifically in paragraph 7 and 8 above, the Debtor knowingly and fraudulently, in or in connection with the case--

    (A) made a false oath or account;

(B) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(C) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the Debtor's property or financial affairs;

24. As further described in paragraphs 8 through 20 herein, the Debtor made false oaths or accounts by omitting and/or misrepresenting information in his Petition, Statement and Schedules, including, but not limited to, his interest in business entities, bank accounts, transfers to and from bank accounts, the existence and transfer of real and personal property used, property held for another, according to proof at trial.

25. As further described in paragraphs 7 through 13 herein, the Debtor withheld from the Trustee, documents and records relating to the Debtor's property or financial affairs, including, but not limited to, his interest in business entities, bank accounts, transfers to and from bank accounts, the existence and transfer of real and personal property, aliases used, property held for another, according to proof at trial.

26. Due to his actions described herein, Debtor is not entitled to a discharge pursuant to 11 U.S.C. §727(a)(4).

WHEREFORE, Plaintiff prays for judgment against Debtor as follows:

**FIRST CLAIM FOR RELIEF**

1. That Debtor's' discharge be denied pursuant to 11 U.S.C. §727(a)(2);
2. For such other relief as the Court deems necessary and proper; and
3. If appropriate, attorneys' fees and costs to Plaintiff.

**SECOND CLAIM FOR RELIEF**

1. That Debtor's' discharge be denied pursuant to 11 U.S.C. §727(a)(3);
2. For such other relief as the Court deems necessary and proper; and
3. If appropriate, attorneys' fees and costs to Plaintiff.

///

**THIRD CLAIM FOR RELIEF**

1. That Debtor's' discharge be denied pursuant to 11 U.S.C. §727(a)(4);

2. For such other relief as the Court deems necessary and proper; and

3. If appropriate, attorneys' fees and costs to Plaintiff.

                                      LAW OFFICE OF WILLIAM P. FENNELL, APLC

Dated: January 15, 2013        By: /s/William P. Fennell
                                          William P. Fennell, Esq.
                                          Attorneys for Ronald E. Stadtmueller, Chapter 7 Trustee

- 6 -